**BERMAN, Plaintiff-Appellee, v BERMAN, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20173. Decided June 16th, 1947.

NICHOLS, J, of the 7th District, DOYLE, J, and STEVENS, J, of the 9th District sitting by designation.

Adams & Bayers, for plaintiff-appellee.
Woodle & Wachtle, Cleveland, for defendant-appellant.

## OPINION

PER CURIAM:

This appeal on questions of law is in this Court from the overruling of defendant's motion to vacate the decree of divorce granted to the plaintiff by the Common Pleas Court, and for a new trial of the action.

From the affidavit filed in support of the defendant's motion we summarize the facts as follows:

After being duly served with summons and a copy of the petition, the defendant being without funds to hire an attorney to represent her, applied to the Legal Aid Society for counsel. A representative of the Society contacted plaintiff's attorney and arranged, without a formal court order, that funds for the employment of counsel for the defendant would be forthcoming, and three days before the case was assigned for trial, plaintiff's attorney forwarded to the Legal Aid Society a check for $50.00 for defendant's counsel fees. Counsel for the Society promptly acknowledged receipt of this check and informed plaintiff's attorney that the check was being forwarded to the defendant and that she would employ counsel to contest the action and intimated that she had a valid defense thereto. The check was forwarded by mail to the defendant who could have received it not earlier than the second day before the day assigned for the trial of the case.

No actual notice of such assignment was had by the defendant or by counsel for the Legal Aid Society, since the published notice of the assignment did not state the name of any counsel for the defendant.

Without the trial court being apprized of the facts above related, that court, in the absence of defendant or an attorney

representing her, proceeded to hear the case on the day assigned and the court having indicated that a decree would be granted, plaintiff's attorney on the same day prepared and filed a journal entry decreeing a divorce to the plaintiff and this entry was approved by the court and entered on the journal.

Within six days thereafter this motion was filed for vacation of the decree and for a new trial, the defendant in the meantime having, with the assistance of the Legal Aid Society, procured counsel to represent her. The motion was timely filed under the present statute and came on for hearing before the court. At such hearing counsel for the defendant stated the grounds of the motion and the claimed circumstances surrounding the action and had present in court witnesses to prove the circumstances incorporated in the affidavit filed in support of the motion, but the trial court stated that "the defendant simply failed to look after the matter; that she knew all about it in season to take care of it and waited until it was too late." Counsel for defendant requested the court to hear testimony and permit counsel to make a record of the circumstances, among which as shown by the admissions of counsel for plaintiff, was the fact that the parties had attempted to negotiate a settlement of alimony to defendant, an offer of $500.00 having been made but not accepted.

The court would not listen to any testimony proffered by the defendant, and overruled the motion on the ground that such facts did not constitute any statutory ground for vacation of the decree and that in his opinion the defendant was negligent in looking after her defense. The court did state to defendant's counsel, however, that "you may take the stenographer in here and do whatever you want to" and "counsel for defendant and the witnesses retired to the court's chambers" where the defendant's witnesses were interrogated and their testimony reduced to writing by the stenographer. This testimony was originally set forth as a part of the bill of exceptions but upon objection by plaintiff's counsel, was stricken therefrom by the court before the bill of exceptions was approved.

It is claimed by the appellant that the trial court abused its discretion in refusing to hear and consider the testimony taken at the hearing on the motion; in striking the same from the bill of exceptions and in overruling the motion; that the action of counsel for plaintiff amounted to a fraud upon the court and constituted a violation of duty as an officer of the court, it being particularly asserted and shown by the bill of

exceptions that such attorney deliberately, or at least negligently, as he stated, withheld sending the $50.00 attorney fees to the Legal Aid Society for about ten days after receiving that sum from his client, and further that he failed to notify the court of the fact of which he had knowledge, that the defendant intended to contest the action and claimed to have a valid defense thereto.

It is the conclusion of this court that the trial court committed error to the prejudice of the appellant, in refusing a full hearing upon her motion and particularly in refusing to receive and consider the testimony proffered by the defendant; that substantial justice has not been done in the trial court and that its judgment should be and is reversed, that the cause be remanded to that court with instructions to permit a full hearing including the introduction of evidence upon the motion of the defendant to vacate the divorce decree and for a new trial of the action.

The judgment is reversed and cause remanded.

NICHOLS, J, DOYLE, J, and STEVENS, J, concur.